IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHAWN O'HARA                                                      PLAINTIFF

v.                                                CIVIL ACTION # 2:06cv86-KS-MTP

PETAL POLICE DEPARTMENT, et. al                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss and motion for summary judgment [# 25, 26] filed by Defendants Officer Noble and Officer Tapp. Because the Plaintiff has failed to overcome the defense of qualified immunity or to raise an genuine issue of material fact for any of his claims against the moving Defendants, the motion for summary judgment should be granted.

## FACTUAL BACKGROUND

On March 30, 2006, Shawn O'Hara, the *pro se* Plaintiff in this action, filed a rambling and disjointed complaint against various municipal and law enforcement officials in the city of Petal. The complaint alleged that members of the Petal Police Department harassed O'Hara following a political event on March 29, 2005, and sought punitive damages in excess of $9.5 million dollars.

On August 30, 2006, this Court entered an order directing O'Hara to file a more definite statement of his claim against the mayor of Petal. O'Hara responded by voluntarily dismissing

1

the mayor but substituting the names of new police officers as defendants.

On August 30, 2007, the newly named Defendants, Officers Tapp and Nobles, moved for summary judgment and dismissal.  After O'Hara failed to timely respond to the Court's briefing Order, his time to respond to the motion for summary judgment was extended.  In briefing the motion for summary judgment, O'Hara submitted a single document, a Dispatch Card from the Petal Police Department, but otherwise offered no additional evidence to support his claims.

<u>RULE 15 AMENDMENTS</u>

The first issue before the Court is whether Officers Tapp and Nobles are properly before the Court as parties in this action, having been added by amendment without leave of court.  The Federal Rules of Civil Procedure limit a party's ability to amend their complaint after filing.  When more than 20 days have elapsed since the Defendant was served, the Plaintiff must seek leave of court or written consent of the adverse party to amend the complaint. *See* Fed. R. Civ. P. 15(a).

The Plaintiff in this case failed to follow the procedures of Rule 15(a).  The Court's prior order directed O'Hara to "file an Amended Complaint or a More Definite Statement specifically stating the claims that he has **against Mayor Phillips**" (emphasis added).  The Court's ruling did not grant O'Hara leave of Court to add additional parties to this litigation.  It merely gave O'Hara the opportunity to "specify the constitutional violations he claims Mayor Phillips committed" and to "allege the facts that substantiate such allegations."

Although amendments to pleadings are liberally allowed, leave to amend is not automatic. *Halbert v. City of Sherman, Texas*, 33 F.3d 526, 529 (5th Cir. 1994).  The district

2

court has the discretion to deny leave based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992).[1]

Despite the lack of any formal request for leave to amend, the Court will permit the amendment, in the interests of justice, and rule on the motion for summary judgment.

<u>QUALIFIED IMMUNITY STANDARD</u>

The doctrine of qualified immunity shields government officials from suit in their individual capacity if particular conditions are met. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). When the defendant to a 42 U.S.C. § 1983 claim invokes qualified immunity as an affirmative defense, the burden is on the plaintiff to establish that the defendant is not protected because the official's allegedly wrongful conduct violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005). To prevail, the plaintiff must show "genuine issues of material fact [exist] concerning the reasonableness" of the defendant's conduct. *Bazan ex rel Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

The qualified immunity analysis is a two-step inquiry. The bifurcated legal standard is used "both to promote clearer standards for official conduct and to spare defendants unwarranted liability and court costs." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). To avoid the disruption of government occasioned by a lawsuit, the qualified immunity analysis

---

[1] *See also United States ex rel Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 387 (5th Cir. 2003) ("a party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals").

should be applied "as soon as possible in a judicial proceeding, even before discovery." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998).

First, the court examines whether the plaintiff has alleged the "violation of a clearly established right." *Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995). To be deemed clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kinney v. Weaver*, 367 F.3d 337, 352 (5th Cir. 2004).

Second, the court asks whether the defendant's conduct was "objectively reasonable in light of 'clearly established' law at the time of the violation." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Even when the government official violated a clearly established right, the official "is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). The objective reasonableness of official action is an issue of law reserved for the court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). Since qualified immunity turns upon objective factors, "a particular defendant's subjective state of mind has no bearing on whether that defendant is entitled to qualified immunity." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001).

To carry the burden, a plaintiff must show that "all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). The qualified immunity defense "gives ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).

If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ*., 485 F.3d 325, 331 (5th Cir. 2007).  A motion for summary judgment cannot be granted simply because the opposing party has failed to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1995). The movant still carries the burden of establishing the absence of any genuine issue of material fact. *See Hetzel v. Bethlehem Steel Corp*., 50 F.3d 360, 362 (5th Cir. 1995).

<u>ANALYSIS</u>

The sum of O'Hara's complaints are insufficient to defeat the qualified immunity of Officer Tapp and Officer Nobles.  O'Hara has first failed to allege the violation of a clearly established right.  He appears to have randomly selected a subset of constitutional amendments upon which to base his complaint.  Setting aside those that are completely inapplicable, the facts as alleged are insufficient to state a violation of any clearly established right O'Hara enjoys under even those provisions that are pertinent.  And if the Court were to find the violation of a clearly established right, the only evidence in the record suggests that each officer's conduct was at all times objectively reasonable, preserving their qualified immunity from suit.

O'Hara has also failed to raise any genuine issue of material fact to support his claims against the moving Defendants.  Even if the litany of federal constitutional violations lodged against the moving Defendants were able to undermine their qualified immunity from suit, none find sufficient support in the factual record to avoid summary judgment.  The only piece of evidence offered by O'Hara in his response to the motion for summary judgment is the Dispatch Card from the Petal Police Department.  While that document does establish that police officers were called to the scene of the Chevron station on March 29, 2005, based on a complaint that O'Hara was being disruptive in the store, the evidence does nothing to establish any cognizable claim against the moving Defendants.

<u>RULE 11 SANCTIONS</u>

The Federal Rules of Civil Procedure bar "an attorney or unrepresented party" from pursuing frivolous claims in the federal courts. Fed. R. Civ. P. 11.  Under the terms of Rule 11,

6

"when a litigant files a pleading, he certifies to the best of his knowledge, information, and belief that he has conducted a reasonable inquiry into the factual allegations and denials which support the pleading and that it has adequate legal support, adequate factual support, and is not filed for an improper purpose." *Delor v. Intercosmos Media Group, Inc.*, 2006 WL 435997 (E.D. La. Jan. 13, 2006).  The rule permits the district court, upon its own initiative, to "impose an appropriate sanction" upon parties who violate its terms. Fed. R. Civ. P. 11(c).  The Fifth Circuit has consistently held that "Rule 11 applies fully and completely to actions filed by *pro se* litigants." *Hicks v. Bexar County, Texas*, 973 F. Supp. 653, 687 (W.D. Tex. 1997).

Mr. O'Hara is a frequent *pro se* litigant before this Court, and hence should be aware of the ethical standards to which attorneys and self-represented parties must adhere.  Although the Court will not sanction him for the instant filing, future lawsuits that have as little basis in fact as this case will put him in jeopardy of being sanctioned.

## <u>CONCLUSION</u>

The Court finds that Officer Tapp and Officer Nobles are entitled to qualified immunity from suit.  Moreover, the Plaintiff has failed to raise a genuine issue of material fact for any of his claims against Officer Tapp or Officer Nobles sufficient to survive summary judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [#25, 26] by Officer Tapp and Officer Nobles is **granted**.

SO ORDERED AND ADJUDGED on this, the 19th day of November, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

7